```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JESSICA STENGER,

                  Plaintiff,

     -against-                          MEMORANDUM & ORDER
                                        13-CV-4112(JS)(ARL)
US EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, UNITED POSTAL SERVICE,

                  Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:     Jessica Stenger, pro se
                   24 Surrey Road
                   Massapequa, NY 11758

For Defendants:    No appearances.
```

SEYBERT, District Judge:

Before the Court is the Complaint of pro se plaintiff Jessica Stegner ("Plaintiff") filed pursuant to the Americans with Disabilities Act of 1990 ("ADA") against the U.S. Equal Employment Opportunity Commission ("EEOC") and the United States Postal Service ("USPS") (together, "Defendants"), accompanied by an application to proceed in forma pauperis. Upon review of the Plaintiff's declaration in support of her application, the Court finds that her financial status qualifies her to proceed without prepayment of the filing fee. Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED. However, for the reasons that follow, Plaintiff's Complaint is sua sponte DISMISSED IN PART pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii).

BACKGROUND[1]

Plaintiff's brief Complaint, submitted on the Court's employment discrimination complaint form, alleges that the USPS failed to accommodate Plaintiff's disability. (Compl. ¶ 4.) Plaintiff describes that she suffered a "nervous breakdown" for which she was hospitalized and was "put on several medications." (Id. ¶¶ 7-8.) According to the Complaint, the work schedule to which Plaintiff was assigned "was not working for me because of the medication I was taking and as a result I lost my job." (Id. ¶ 8.) Plaintiff alleges that she filed a charge of discrimination with the EEOC in January 2011 and received a Notice of Right to Sue on April 26, 2013.[2] (Id. ¶¶ 10-11.)

DISCUSSION

I. Application to Proceed In Forma Pauperis

Having reviewed Plaintiff's declarations in support of her application to proceed in forma pauperis, the Court finds that she is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to

---

[1] All allegations in Plaintiff's Complaint are presumed to be true for the purposes of this Memorandum and Order.

[2] Plaintiff has annexed to her Complaint a copy of the EEOC's Dismissal and Notice of Rights, dated April 26, 2013.

dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), aff'd, --- U.S. ----, 133 S. Ct. 1659, --- L. Ed. 2d ---- (Apr. 17, 2013)).

However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has

acted unlawfully." Id., 556 at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Here, because it is clear that Plaintiff was not employed by the EEOC, but, rather, is apparently dissatisfied with the outcome of her administrative charge, Plaintiff has failed to allege a plausible disability discrimination claim against the EEOC. Moreover, Plaintiff's claim against the EEOC is dismissed for the additional reason that the Court lacks subject matter jurisdiction to adjudicate it. Sovereign immunity clearly bars Plaintiff's ADA claim against the EEOC. See Burton v. US Equal Employment Opportunity Commission, No. 11-CV-4074, 2011 WL 4344154, at *2-3 (E.D.N.Y. Sept. 12, 2011) (sua sponte dismissing discrimination claim against the EEOC pursuant to 28 U.S.C. § 1915(e)(2)(B) because it was barred by sovereign immunity); McKoy v. Potter, No. 08-CV-9428, 2009 WL 1110692, at * 5 (S.D.N.Y. Apr. 21, 2009) ("Courts have repeatedly held that the United States has not waived sovereign immunity for suits against the EEOC based on the EEOC's handling of an employment discrimination charge.") (citing cases); see also Stone v. NYC Transit, No. 04-CV-4141, 2005 WL 1593524, at *1 (E.D.N.Y. July 7, 2005) ("[N]either the ADA nor

4

Title VII grants a waiver of sovereign immunity . . . .). Accordingly, Plaintiff's ADA claim against the EEOC is DISMISSED WITH PREJUDICE.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, but the Complaint is sua sponte DISMISSED WITH PREJUDICE as against the EEOC. The Complaint shall proceed against the USPS and the Clerk of the Court is directed to forward copies of the Summons, Complaint, and this Order to the United States Marshal Service for service upon the USPS forthwith.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum & Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   November   12  , 2013
         Central Islip, New York

5